## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE, WESTERN DIVISION

**HENRY PAZ CERRATO,**
**PEDRO GOMEZ,**
**EDGAR FLOREZ SEQUEIROS,**
**CARLOS BORJAS DIAZ,**
**FAUSTINO CORTEZ,**
**CHRISTIAN FLORES SEQUEIROS,**
**ANGEL EDGARDO RAMOS,**

      **Plaintiffs,**

**v.**                           **Docket No.: _____**
                                       **Jury Demanded**

**CITY OF MEMPHIS, TENNESSEE,**
**CERELYN "CJ" DAVIS, individually and in**
 her official capacity as an Chief of Police for the City
 of Memphis Police Department,
**DET. R. ROSS, individually and in**
 his official capacity as an Officer of the City
 of Memphis Police Department,
**OFFICER BURNETT, individually and in**
 his official capacity as an Officer of the City
 of Memphis Police Department,
**OFFICER JAMES GAYLOR, individually and in**
 his official capacity as an Officer of the City
 of Memphis Police Department,
**DET. LAINE, individually and in**
 his official capacity as an Officer of the City
 of Memphis Police Department,
**and other unnamed and unknown individuals**.

      **Defendants.**

## COMPLAINT

Comes now the Plaintiffs, HENRY PAZ CERRATO, PEDRO GOMEZ, EDGAR

FLOREZ SEQUEIROS, CARLOS BORJAS DIAZ, FAUSTINO CORTEZ, CHRISTIAN

FLORES SEQUEIROS, and ANGEL EDGARDO RAMOS, by and through their attorney of record, Paul Forrest Craig, and sues the Defendants, CITY OF MEMPHIS, TENNESSEE; CHIEF CHERELYN "CJ" DAVIS, Individually and in her official capacity; DET. D. ROSS; Individually and in his official capacity; OFFICER BURNETT, Individually and in his official capacity;  OFFICER JAMES GAYLOR, individually and in  his official capacity; and DET. LAINE, individually and in  his official capacity, and for cause would show unto the Honorable Court as follows:

Parties

1.      Henry Paz Cerrato is a resident of the County of Shelby, State of Tennessee and works at 3215 Summer Avenue, Memphis, TN 38112.

2.      Pedro Gomez is a resident of the County of Shelby, State of Tennessee and works at 3215 Summer Avenue, Memphis, TN 38112.

3.      Edgar Florez Sequeiros is a resident of the County of Shelby, State of Tennessee and works at 3215 Summer Avenue, Memphis, TN 38112.

4.      Carlos Borjas Diaz is a resident of the County of Shelby, State of Tennessee and works at 3215 Summer Avenue, Memphis, TN 38112.

5.      Faustino Cortex is a resident of the County of Shelby, State of Tennessee and works at 3215 Summer Avenue, Memphis, TN 38112.

6.      Christian Florez Sequeiros is a resident of the County of Shelby, State of Tennessee and works at 3215 Summer Avenue, Memphis, TN 38112.

7.      Angel Edgardo Ramos is a resident of the County of Shelby, State of Tennessee and works at 3215 Summer Avenue, Memphis, TN 38112.

8.      Defendant, City of Memphis, Tennessee may be served with process by serving

the City Mayor through the Office of City Attorney Jennifer A. Sink 125 N. Main St., Room 336, Memphis, TN 38103.

9.  Defendant, Cherelyn "CJ" Davis is an individual residing in the State of Tennessee and may be served with process at his place of employment the Memphis Police Department, 170 N. Main Street, Memphis, TN 38103.

10.  Defendant, R. Ross (Badge No. 13335) is an individual residing in the State of Tennessee and may be served with process at his place of employment the Memphis Police Department, 170 N. Main Street, Memphis, TN 38103.

11.  Defendant, Burnett (Badge No. 3069) is an individual residing in the State of Tennessee and may be served with process at his place of employment the Memphis Police Department, 170 N. Main Street, Memphis, TN 38103.

12.  Defendant James Gaylor (Badge No. 0338) is an individual residing in the State of Tennessee and may be served with process at his place of employment the Memphis Police Department, 170 N. Main Street, Memphis, TN 38103.

13.  Defendant Laine (Badge No. 13226) is an individual residing in the State of Tennessee and may be served with process at his place of employment the Memphis Police Department, 170 N. Main Street, Memphis, TN 38103.

14.  That there is believed to be others who at the present time or unknown and unnamed individuals. The identity of these individuals is expected to be revealed throughout thecourse of this litigation and upon discovery the Plaintiff will amend said complaint to include these individuals. That all such individuals would be employees or officers of the City of Memphis Police Department.

Jurisdiction and Venue

This action is brought pursuant to 42 U.S.C. §1983 (federal civil rights), (due process violations) the Fourth and Fourteenth Amendments to the United States Constitution; and (illegal search and seizure) violation of the Fourth Amendment. And, pursuant to 42 U.S.C. §1985 for conspiracy to violate civil rights.

This Court's jurisdiction is premised upon 28 U.S.C. §1331 (federal question) and 28 U.S.C. §1343(a)(3) (federal civil rights).

Because all parties reside in the Western District of Tennessee, and the cause of action also arose in the district (occurring within the City of Memphis, State of Tennessee), venue is proper in this Court pursuant to 28 U.S.C. §1391(b).

That the damages sought in the matter in controversy and to which the plaintiff believes they are entitled exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. 1332.

JURY DEMAND

The Plaintiff demands a jury to try this cause when the issues are joined.

Facts Common to All Claims

1.      At all times complained Henry Paz Cerrato, Pedro Gomez, Edgar Flores Sequeiros, Carlos Borjaz Diaz, Faustino Cortez, Christian Flores Sequeiros, and Angel Edgardo Ramos (hereinafter collectively referred to as "Plaintiffs") are employed as independent contractor mechanics at Sal's Tire and Auto Repair located at 3125 Summer Avenue, Memphis, Tennessee 38112.

2.      In their positions as independent contractor mechanics, the Plaintiffs had to keep a large volume of tools at their workplace. These tools were necessary for them to perform their employment as automobile mechanics. The Plaintiffs' tools are essential to their ability to ply their trade and earn a living.

3.      As independent contractor mechanics, the Plaintiffs have accumulated many tools over the years in which they have been operating.

4.      At all times complained, the Plaintiffs are all of Hispanic descent.

5.      That at all times complained Defendant Cherelyn "CJ" Davis acted as agent to the principal Defendant City of Memphis, Tennessee. And Defendant City of Memphis, Tennessee at all times ratified the actions of its agent, Defendant Cherelyn "CJ" Davis.

6.      That at all times complained Defendant Det. D. Ross acted as agent to the principal Defendant City of Memphis, Tennessee. And Defendant City of Memphis, Tennessee at all times ratified the actions of its agent, Defendant D. Ross.

7.      That at all times complained Defendant Burnett acted as agent to the principal Defendant City of Memphis, Tennessee. And Defendant City of Memphis, Tennessee at all times ratified the actions of its agent, Defendant Burnett.

8.      That at all times complained Defendant I. Campbell acted as agent to the principal Defendant City of Memphis, Tennessee. And Defendant City of Memphis, Tennessee at all times ratified the actions of its agent, Defendant I. Campbell.

9.      That at all times complained Defendant Laine acted as agent to the principal Defendant City of Memphis, Tennessee. And Defendant City of Memphis, Tennessee at all times ratified the actions of its agent, Defendant Laine.

10.     That at all times complained Defendant James Gaylor acted as agent to the principal Defendant City of Memphis, Tennessee. And Defendant City of Memphis, Tennessee at all times ratified the actions of its agent, Defendant James Gaylor.

11.     The City of Memphis, Tennessee is a city government organized under the laws of  the State of Tennessee. And, as such provides a variety of services to the citizens and

visitors of said city.

12.     Defendant City of Memphis, Tennessee employs Defendants Davis, Ross, Burnett, Laine, and Gaylor.

13.     At all times complained of Defendants Davis, Ross, Burnett, Laine, and Gaylor acted under the color of state law.

14.     That one such service provided by said municipality includes but is not limited to the providing of a police service which purports to operate in a lawful and constitutional manner as it concerns individuals who they seek to patrol.

15.     Salvador Guevara-Reyes owns a business located within the City of Memphis, Tennessee known as "Sal's Tire and Auto Repair". This business has operated for in excess of 20 years and in located at 3125 Summer Avenue, Memphis, TN 38112.

16.     While the business address is 3125 Summer Avenue, the actual business is comprised of at least 5 different addresses; namely, 3125 Summer Avenue; 3117 Summer Avenue; 3103 Summer Avenue; 3093 Summer Avenue; and 3089 Summer Avenue.

17.     The property is owned by Salvador Guevara and Pamela Guevara.

18.     On September 22, 2022 at approximately 10:36 a.m. two City of Memphis police cars were noticed parked in the back of the property.

19.     The information concerning the Memphis police encroachment upon this property is sparsely detailed in an Incident Report (a copy of which is attached as Exhibit "A" to this Complaint).

20.     This Incident Report was reported by Defendant Laine, and it was reviewed and approved by Defendant Gaylor.

21.     This Incident Report purports to only report activity of the City of Memphis

Police Department occurring on a property known as 3093 Summer Avenue, Memphis, Tennessee. However, the City of Memphis Police Department occurred on all 5 of the addresses that make up the business known as Sal's Tire and Auto Repair; namely, 3125 Summer Avenue; 3117 Summer Avenue; 3103 Summer Avenue; 3093 Summer Avenue; and 3089 Summer Avenue.

22.     According to this Incident Report, this investigation was led by the Organized Crime Unit. However, other units of the City of Memphis Police Department were involved in this purported investigation, including, but not limited to the Auto Theft Task Force and the notorious "Scorpion Unit".

23.     At approximately 11:19 a.m., City of Memphis police officers called "Sal's Tire Repair and Auto Repair" and asked to speak with Dixie Daniel Galvez Ortega. Galvez was asked to come to the back of the building located at the address 3089 Summer Avenue, Memphis, Tennessee 38112.

24.     At the time in which the City of Memphis Police Department, by and through the actions of their agents and employees, entered the property owned by Guevara, they did so without "probable cause", without the benefit of a search warrant, and without the permission of either owner of the property.

25.     Upon arriving at the back of the building at 3089 Summer Avenue, Memphis, Tennessee 38112, approximately 10 police officers from Defendant City of Memphis were searching the property, which at the time was gated, at 3089 Summer Avenue, Memphis, Tennessee 38112.

26.     The police officer from Defendant City of Memphis, Tennessee demanded that Galvez give them access to the building located at 3093 Summer Avenue, Memphis, Tennessee 38112.

27.     Galvez is not the owner of the property at 3093 Summer Avenue, Memphis, Tennessee 38112.

28.     When the police officers of Defendant City of Memphis entered the building located at 3093 Summer Avenue, they immediately went to a wrecked 2018 BMW and asked whom this vehicle belonged.

29.     At approximately 11:30 a.m., Guevara arrived back at his business located at 3125 Summer Avenue, Memphis, Tennessee.

30.     Guevara told the police officers from Defendant City of Memphis that he was the owner of the wrecked 2018 BMW. He provided the police officers from Defendant City of Memphis indicating that he was purchasing the vehicle from 901 Express Towing.

31.     At approximately 11:50 a.m., the police officers from Defendant City of Memphis escorted Guevara, Galvez and the Plaintiffs to 3125 Summer Avenue, Memphis, Tennessee.

32.     The police officers of Defendant City of Memphis, Tennessee seized all of the the Plaintiffs' cellular telephones.

33.     That all of the cellular telephones of the Plaintiffs were seized by the police officers of Defendant City of Memphis without "probable cause" and without the benefit of a search warrant.

34.     Based upon information and belief, the police officers of Defendant City of Memphis seized all of the information, and made copies of same, from all of the cellular telephones that were seized from the Plaintiffs.

35.     The Plaintiffs were detained for approximately 1 hour. The Plaintiffs were given back their telephones; however, they were told to leave the property and not allowed to go  back into any of the buildings on the property.

36.     Defendant City of Memphis and Defendant R. Ross did not attain a Search Warrant until 2:48 p.m. on September 22, 2022. (A copy of Search Warrant is attached as Exhibit "B" to this Complaint). Said Search Warrant was attained after the police officers for Defendant City of Memphis had been on the property for a period of almost five hours.

37.     Defendant R. Ross stated in the Affidavit for Search Warrant that he "has good ground and belief". Defendant Ross offers no "probable cause" for the issuance of said warrant.

38.     Said Search Warrant only gives Defendant City of Memphis the right to search the property located at 3093 Summer Avenue, Memphis, Tennessee 38112.

39.     Said Search Warrant asserts that "probable cause" exists to search said property. However, there was no "probable cause" to search any property. And, any alleged "probable cause" that was asserted to attain said search warrant was only obtained through the five hour pre search warrant illegal search of said property.

40.     That the search that was conducted pursuant to said search warrant was not limited to the address known as 3093 Summer Avenue, Memphis, Tennessee. The police officers of Defendant City of Memphis search each and every address of Sal's Tire and Auto Repair; namely, 3125 Summer Avenue; 3117 Summer Avenue; 3103 Summer Avenue; 3093 Summer Avenue; and 3089 Summer Avenue.

41.     A copy of the search warrant was never given to any of the Plaintiffs.

42.     Defendant City of Memphis conducted an extensive search of the property of all of the addresses comprising Sal's Tire and Auto Repair and seized over $100,000.00 in vehicles, office equipment, and tools from said property. Defendant City of Memphis made no inquiry into who the items of personal property belonged.

43.     Defendant City of Memphis, by and through the actions of its police officers,

seized at least 3 vehicles. One of the vehicles was owned by Plaintiff Guevara, a box truck was

owned by a client of Plaintiff Guevara, and another vehicle was owned by a police officer of the

Memphis City Police Department.

44.     The vehicles were processed and towed to the impound lot by City of Memphis

Police Department, including Defendant Burnett.

45.     Defendant City of Memphis seized computer and office equipment of Guevara

and Galvez.

46.     Defendant City of Memphis seized mechanic tools of the Plaintiffs.

47.     The seized mechanic tools are necessary for the Plaintiffs to conduct their lawful

business.

48.     To date, Defendant City of Memphis failed to provide Plaintiffs with an inventory

list of the personal property items that were seized during this alleged investigation.

49.     The only indication that Defendant City of Memphis has given of the personal

property items taking pursuant to this search was in the Incident Report which was made by

Defendant Laine and reviewed and approved by Defendant Gaylor. It only states that $5,000.00

in tools were seized. (Exhibit "A").

50.     This indication on the Incident Report (Exhibit "A") is not true in that there was

over $100,000.00 in tools seized during this purported search of the property.

51.     To date, Defendant City of Memphis has failed to give the Plaintiffs with any

notice concerning the disposition of the personal property items that were seized during this

alleged investigation.

52.     When Plaintiffs have sought the return of his personal items, he has only been

informed that Defendant R. Ross refuses to release the personal items stating that they are being

held pursuant to an alleged investigation.

53.     At approximately 10:03 a trailer, and other vehicles, of Defendant City of Memphis left the property of Sal's Tire and Auto Repair with all of the personal property that had been seized pursuant to this alleged investigation.

54.     The seizure of all of the Plaintiffs' personal items from Sal's Tire and Auto Repair caused Plaintiffs to have to replace all of the items which were illegally seized.

55.     The costs of replacement of all of these items was necessary in order the Plaintiffs to remain in business.

56.     The refusal of Defendant City of Memphis to return the items that were illegally seized means that Plaintiffs are being deprived of the value of the personal items that are no longer in their possession.

57.     There was no probable cause for the detention of the Plaintiffs Defendant City of Memphis, Tennessee.

58.     There was no probable cause for the seizure of the personal property of the Plaintiffs.

59.     The alleged investigation conducted on Sal's Tire and Auto Repair on September 22, 2022 by Defendant City of Memphis, Tennessee involved the notorious "Scorpion Unit" of the City of Memphis Police Department.

60.     That the "Scorpion Unit" of the City of Memphis Police Department was disbanded by Defendant City of Memphis due to its history and pattern of violating the constitutional and civil rights of various citizens of the City of Memphis.

61.     That one of the primary reasons for the alleged investigation of Sal's Tire and Auto Repair was owned by Plaintiff Guevara who is of Hispanic descent. Further, the Plaintiffs

are also of Hispanic descent.

62.      Defendant City of Memphis would not have taken such draconian action in implementing this alleged investigation against Sal's Tire and Auto Repair but for the fact that the Plaintiffs are of Hispanic descent.

63.      Defendant City of Memphis, Tennessee has implemented  policies, such as the formation of the notorious "Scorpion Unit", which allows for either the willful or reckless disregard of the civil and constitutional rights of individual situated as the Plaintiffs.

64.      These unconstitutional policies and procedures of Defendant City of Memphis were implemented Defendant Davis in her position as the Chief of Police of the City of Memphis Police Department. Defendant Davis is the individual who specifically spearheaded the formation of the notorious "Scorpion Unit" of the City of Memphis Police Department.

65.      These unconstitutional policies and procedures of Defendant City of Memphis expressly provide for the search and seizure of the property of Plaintiffs without "probable cause" and without the benefit of a "search warrant".

66.      These unconstitutional procedures of Defendant City of Memphis expressly provides for the illegal seizure of items of value which are held without being provided a proper inventory of items seized and without being provided with notice of the disposition of said items.

67.      At all times complained, the individually named Defendants explicitly followed the policies and procedures as established by Defendant City of Memphis, Tennessee.

68.      Defendant Davis is the top officer of the police department of Defendant City of Memphis. As such, she is empowered with the authority to adopt, create, ratify and implement policies and procedures for Defendant City of Memphis, Tennessee.

69.      The formation of the notorious "Scorpion Unit" of the City of Memphis Police

Department was done at the behest and upon the recommendation of Defendant Davis.

70.     Rather than implement, alter or make new policies and procedures of Defendant City of Memphis, Tennessee which would ensure that the constitutional rights of individuals were not being violated by illegal searches and seizures and wrongful arrest of individuals, Defendant Davis made the decision to ratify and adopt the policies and procedures which were known to them to violate individual constitutional rights.

71.     Defendant Davis has implemented new policies and allowed existing policies and procedures of Defendant City of Memphis, Tennessee to persist which are known to them to deprive individuals of the constitutional right against illegal search and seizure and unlawful arrest.

72.     Defendant City of Memphis, Tennessee has implemented a policy which allows for the arrest and detention of an individual without probable cause.

73.     Defendant City of Memphis, Tennessee has implemented a policy which allows for searched and seizures without probable cause.

74.     Defendant Davis is the individual responsible for establishing the policies and procedures for the running of City of Memphis Police Department.

75.     Defendant Davis is the individual who is personally responsible for making the decision upon the implementation of the policies and procedures of Defendant City of Memphis in regards to the City of Memphis Police Department.

76.     Plaintiffs were unlawfully detained as a direct and proximate result of the policies and procedures of Defendant City of Memphis, Tennessee, as structured, decided and implemented by Defendant Davis.

77.     Plaintiffs were subject to an illegal search as a direct and proximate result of the

policies and procedures of Defendant City of Memphis, Tennessee, as structured, decided and implemented by Defendant Davis.

78.     Plaintiffs had property illegally seized as a direct and proximate result of the policies and procedures of Defendant City of Memphis, Tennessee, as structured, decided and implemented by Defendant Davis.

79.     Due to the violations of the Plaintiffs' constitutional rights in contravention of the Civil Rights Act (42 U.S.C. Sec. 1983) caused by the Defendant, the Plaintiffs seeks compensatory, special and punitive damages in an amount of no less than Three Million ($3,000,000.00) Dollars.

CAUSES OF ACTION

COUNT I

Violation of 42 U.S.C. Sec. 1983

(Due Process Violations)

80.     The Plaintiffs restate, reiterate and incorporate by reference all of the allegations contained in paragraphs 1-79 as if set forth herein verbatim.

81.     42 U.S.C. §1983 provides in pertinent part:

> Every person who, under color of any statute, ordinance, regulation,
> custom, or usage of any state…subjects or causes to be subjected,
> any citizen of the United Sates, to the deprivation of any rights,
> privileges, or immunities secured by the Constitution and laws,
> shall be liable to the party injured in an action at law, suit in equity,
> or other proper proceeding for redress.

82.     To establish liability under 42 U.S.C. §1983, a Plaintiff must establish (1) that he was deprived of a right secured by the constitution or laws of the United States, and (2) that he was subjected or caused to be subjected to this deprivation by a person acting under color of state law. *Alkire v. Irving*, 330 F.3d 802,813 (6th Cir. 2003).

83.     The Fourteenth Amendment to the United States Constitution provides:

No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

U.S. Const. Amend XIV.

84.     Both Plaintiffs are citizens who are of Hispanic descent.

85.     The search of the property of the Plaintiffs without probable cause, the seizure of the property of the Plaintiffs without probable cause, the failure to identify ownership of the property, and the keeping of the Plaintiffs' property, all result out of the racial profiling of these Plaintiffs by Defendant City of Memphis, Tennessee.

86.     Defendant City of Memphis, Tennessee would not have taken this action against these Plaintiffs but for the fact that they were approached with heightened suspicion due to their Hispanic heritage.

87.     This racial profiling on the part of Defendant City of Memphis denies the Plaintiff "equal protection under the law".

88.     Defendant City of Memphis is liable under 42 U.S.C. §1983 for the acts of those who speak with final policy making authority for a county and violate an individual's constitutional rights. *Gregory v. Shelby County, Tennessee*, 720 F.3d 433, 441 (6th Cir. 2000).

89.     Furthermore, a "custom" even if not formally approved by an appropriate decision maker, may nonetheless subject a county to liability on the theory that the relevant practice is so widespread as to have the force of law. *Board of County Commissioners of Bryan County, Oklahoma v. Brown*, 520 U.S. 397, 404 (1997).

90.     That the notorious "Scorpion Unit" is well known for engaging in behavior which

consistently violates the civil and constitutional rights of the citizens which they purport to patrol and protect.

91.     Defendants City of Memphis, Tennessee and Davis is responsible for the hiring, training, and control of all officers of the City of Memphis Police Department, including the members of the "Scorpion Unit". Defendants City of Memphis and Davis establishes City of Memphis policy with respect to the arresting and detention of persons.

92.     Defendant City of Memphis allowed a culture, or "custom", to persist in the notorious "Scorpion Unit" which systemic constitutional and civil rights violation to occur.

93.     Defendant City of Memphis turned a blind eye to the unconstitutional acitivities of the "Scorpion Unit"

94.     Further, Defendant City of Memphis failed to properly train and supervise the officers of the Memphis Police Department in the proper manner to conduct constitutionally valid searches and seizures.

95.     The actions of Defendant City of Memphis led to the racial profiling and the denial of equal protection under the law for Plaintiffs Guevara and Galvez, thereby rendering Defendant City of Memphis liable for the unconstitutional acts and damages detailed in this complaint. These actions were taken against Plaintiffs Guevara and Galvez at a point in time when the Defendant was fully aware, and on notice, of a past history of such constitutional deprivations.

96.     As the direct and proximate result of the violation of the Plaintiffs' constitutional rights (due process violations and denial of equal protection under the law), the Plaintiffs have been damaged in an amount to be proven at a hearing of this cause.

COUNT II

Violation of 42 U.S.C. Sec. 1983

(Unlawful Search and Seizure)

97.     The Plaintiffs restate, reiterate and incorporate by reference all of the allegations contained in paragraphs 1-96 as if set forth herein verbatim.

98.     The Fourth Amendment to the United States Constitution provides:

The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the person or things to be seized.

U.S. Const. Amend IV.

99.      By virtue of its incorporation into the Fourteenth Amendment, the Fourth Amendment requires the States to not commit unreasonable searches and seizures. *Gerstein v. Pugh*, 420 U.S. 103 (1975).

100.    By virtue of its incorporation into the Fourteenth Amendment, the Fourth Amendment requires the States to provide a fair and reliable determination of probable cause as a condition for any significant pretrial restraint of liberty. *Gerstein v. Pugh*, 420 U.S. 103 (1975).

101.    Whether an arrest violates the Fourth Amendment depends upon whether, at the moment the arrest was made, the officers had probable cause to arrest the arrestee – i.e. whether at that moment the facts and circumstances within their knowledge and of which they had reasonable trustworthy information were sufficient to warrant a prudent person in believing the arrestee had committed or was committing an offense. *Beck v. Ohio*, 379 U.S. 89, 91 (1964).

104.    A Fourth Amendment seizure occurs when there is a governmental termination of freedom of movement. *Brower v. County of Inyo*, 489 U.S. 593, 596-597 (1989).

105.    A person acts under color of state law when the action in question is made

possible only because the wrongdoer is clothed with the authority of state law. *See Monroe v.*

*Pape*, 365 U.S. 167, 180 (1961).

106.     At all times material to this Complaint the Defendants who detained the Plaintiffs

were acting under color of Tennessee law.

107.     Plaintiffs were seized and detained unreasonably by the Defendants City of

Memphis, Tennessee, without probable cause, under color of Tennessee law, in violation of the

Fourth Amendment to the United States Constitution made applicable to the states by its

incorporation into the Fourteenth Amendment, giving rise to liability under 42 U.S.C. §1983.

108.     This unlawful detention of Plaintiffs resulted out of the policies and procedures of

Defendant City of Memphis, Tennessee as implemented by Defendant Davis.

109.     Further, the seizure of the personal property by Defendant City of Memphis,

Tennessee constitutes an unlawful search and seizure as it was done without a warrant and

without probable cause.

110.      At all times material to this Complaint, Defendant City of Memphis, Tennessee

was acting under color of Tennessee law.

111.     At all times material to this Complaint, Defendant City of Memphis, Tennessee

operated under its own policies and procedures as implemented by Defendant Davis.

112.     Plaintiffs were subjected to an unreasonable search and seizure when Defendant

City of Memphis, Tennessee unlawfully detained the Plaintiffs and seized the Plaintiffs' property,

in violation of the Fourth Amendment to the United States Constitution made applicable to the

states by its incorporation into the Fourteenth Amendment, giving rise to liability under 42

U.S.C. §1983.

113.      As a direct and proximate result of the Fourth Amendment violations, Plaintiffs

have suffered damages including:

     a. loss of liberty

     b. emotional distress and mental anguish (both intentionally and negligently)

     c. personal humiliation

     d. damage to reputation

     e. physical suffering

     f. loss of personal property

114.    At all times complained, the employees of Defendant City of Memphis, Tennessee followed the policies and procedures of Defendant City of Memphis, Tennessee.

115.    As such, the deprivation of the Plaintiffs' constitutional rights resulted out of the policies and procedures of Defendant City of Memphis, Tennessee.

116.    Defendant City of Memphis, Tennessee is the entity responsible for the establishment of said policies and procedures. Defendant Davis is the decision makers who are empowered with the responsibility of implementing said policies and procedures.

117.    Furthermore, a "custom" even if not formally approved by an appropriate decision maker, may nonetheless subject a county to liability on the theory that the relevant practice is so widespread as to have the force of law. *Board of County Commissioners of Bryan County, Oklahoma v. Brown*, 520 U.S. 397, 404 (1997).

118.    That the notorious "Scorpion Unit" is well known for engaging in behavior which consistently violates the civil and constitutional rights of the citizens which they purport to patrol and protect.

119.    Defendants City of Memphis, Tennessee and Davis is responsible for the hiring, training, and control of all officers of the City of Memphis Police Department, including the

members of the "Scorpion Unit". Defendants City of Memphis and Davis establishes City of Memphis policy with respect to the arresting and detention of persons.

120.     Defendant City of Memphis have failed to train and supervise the officers of the City of Memphis Police Department in the constitutional manner in which to conduct a proper search and seizure of an individual and said individual's property.

121.     Defendant City of Memphis seized property on all of the address which made up Sal's Tire and Auto Repair; however, the plain language of the search warrant only allowed Defendant City of Memphis, Tennessee to search and seize property at 3093 Summer Avenue, Memphis, Tennessee.

122.     As the direct and proximate result of the violation of the Plaintiffs' constitutional rights the Plaintiffs have been damaged in an amount to be proven at a hearing of this cause.

COUNT III

Violation of 42 U.S.C. Sec. 1983

(Failure to Give Notice)

123.     The Plaintiffs restate, reiterate and incorporate by reference all of the allegations contained in paragraphs 1-122 as if set forth herein verbatim.

124.     The actions taken by the Defendant City of Memphis  by failing to give any notice of the taking of the property failed to meet the elementary and fundamental requirements of due process. The Defendant City of Memphis failure to give notice was not reasonably calculated to inform Plaintiffs and offered them no opportunity to present their objections.

125.     The only documentation provided by Defendant City of Memphis was the incident report (Exhibit "A"). It indicates only $5,000.00 in items were seized. This is not true and accurate. Defendant City of Memphis seized over $100,000.00 in items from the location,

which included, but is not limited to vehicles, computer equipment, office equipment and tools.

126.    Defendant City of Memphis, Tennessee seized the tools of the Plaintiffs.

127.    Defendant City of Memphis, Tennessee failed to ascertain who actually owned the items of personal property that were unlawfully seized from said property.

128.    Defendant City of Memphis, Tennessee has failed to return said personal property which was illegally seized.

129.    Defendant City of Memphis, Tennessee failed to give the Plaintiffs any notice as to the disposition or potential disposition of the illegally seized personal property.

130.    That the actions taken by the Defendants resulted in a taking of said property while denying the Plaintiffs due process of law in violation of the Fourteen Amendment of the U.S. Constitution.

131. That as a result of the violations of the Plaintiffs constitutional and civil rights the Plaintiffs have has been damaged in an amount to be proven at a hearing of this cause

## COUNT IV

### Violation of 42 U.S.C. Sec. 1985

132.    The Plaintiffs restate, reiterate and incorporate by reference all of the allegations contained in paragraphs 1-131 as if set forth herein verbatim.

133.    As detailed in the Complaint, these various Defendants have taken acts or acts of omission which resulted in the violation of both the civil and constitutional rights of the Plaintiffs.

134.    The acts and/or acts of omissions of the various Defendants conspired in a manner to violate the constitutional rights of the Plaintiffs.

135.    Because of the acts and/or acts of omissions the constitutional rights of the Plaintiffs were in fact violated by the Defendants.

136.    As such, the Defendants by their acts and acts of omissions did violated 42 U.S.C. Sec. 1985.

137.    As the direct and proximate result of the violation of the Plaintiffs' constitutional rights, and the Defendants engaging in a conspiracy to so violated, the Plaintiffs have been damaged in an amount to be proven at a hearing of this cause.

COUNT V

Common Law

Conversion

138.    The Plaintiffs restate, reiterate and incorporate by reference all of the allegations contained in paragraphs 1-137 of the Complaint as if set forth herein verbatim.

139.    That the Defendants either directly or by and through the actions of their agents wrongfully took the personal property of the Plaintiffs.

140.    That the Defendants have taken no action to effect the return of the personal property that was taken from the Plaintiffs on September 22, 2022.

141.    The Plaintiffs have made request for the return of their personal property.

142.    The Defendants have refused to return said personal property.

143.    That said actions constitutes a conversion of the property of the Plaintiff by the Defendants either directly or by and through the actions of their agents. The Defendants took the property of the Plaintiff for their own benefit.

144.    That as a result of the conversion of the Defendants, the Plaintiff has been damaged in an amount to be proven at a hearing of the cause.

COUNT VI

Common Law

Negligence

145. The Plaintiffs restate, reiterate and incorporate by reference all of the allegations contained in paragraphs 1-144 of the Complaint as if set forth herein verbatim.

146. Defendants owed a legal duty of care to the Plaintiffs protect them from reasonably foreseeable harm.

147. Particularly, Defendants owed a duty to the Plaintiffs to keep the personal property of the Plaintiffs safe.

148. Defendants have failed to keeps said property safe. Defendants cannot even account for the whereabouts of said property.

149. Defendants failed to provide the Plaintiffs with an inventory of the items of personal property that were taken on September 22, 2022.

150. Defendants have failed to disclose the location of the items of personal property that were taken on September 22, 2022.

151. The above failures of the Defendants constitute a breach of duty that they owe these Plaintiffs.

152. Defendants' breach of this duty of care proximately caused the Plaintiffs to lose the value of these items of personal property. Further, it proximately caused these Plaintiffs great expense in order to replace the items of personal property wrongfully taken from them.

153. This breach of duty of care constitutes an act of negligence on the part of Defendants.

154. As a direct and proximate result of the Defendants' negligence, the Plaintiffs have been damaged in an amount to be proven at a hearing of this cause.

WHEREFORE, premises considered, the Plaintiffs pray:

1. That proper process and notice issue and be served upon the Defendants herein

requiring them to answer this Complaint.

      2.      That the Plaintiffs reserve the right to amend the complaint.

      3.      That upon a hearing of this cause that the matters in controversy be decided by a

jury.

      4.      That upon a hearing of this cause, the Plaintiffs be awarded damages both

compensatory, special, exemplary and punitive in an amount to be proven at a hearing of the

cause.

      5.      That upon a hearing of this cause, the Plaintiffs be awarded attorney fees and

appropriate court cost and expenses for having to bring this action.

      6.      For such other and further relief as may be just and proper within these premises.

                        Respectfully submitted,

                        _s/Paul Forrest Craig_____
                        PAUL FORREST CRAIG #018359
                        Attorney for Plaintiffs
                        44 N. Second St., Ste. 600
                        Memphis, TN 38103
                        (901) 526-7837